[No. 2257.  Decided November 14, 1896.]

PORT TOWNSEND SOUTHERN RAILROAD COMPANY, *Appellant*, v. ALLEN WEIR, *Respondent*.

ACTION ON PROMISSORY NOTE — SUFFICIENCY OF ANSWER — FAILURE OF CONSIDERATION — SUFFICIENCY OF EVIDENCE.

In an action upon a promissory note, plaintiff is not entitled to judgment on the pleadings when the answer admits the execution of the note but alleges a failure of consideration, and also that the defendant's signature was obtained by fraud.

In a suit upon a promissory note for $250 given by defendant to plaintiff as part of a subsidy for the construction of a railroad from the city of Port Townsend to connect with a transcontinental line of railway, in accordance with a bond for $1,000 conditioned that, if twenty miles of road were completed by a certain date, $250 should become due and the balance upon the completion of the road as a whole, a verdict for defendant will not be disturbed when no more than the first twenty miles had been constructed and the issue submitted to the jury was as to whether or not the note in suit was to cover a portion of the second installment instead of the first, as it must be presumed from their verdict that they found the note was given as a part of the second installment, for which there was admittedly no consideration.

Appeal from Superior Court, Thurston County.— Hon. T. M. REED, JR., Judge.  Affirmed.

*S. H. Piles*, and *J. E. Lilly*, for appellant.
*M. A. Root*, and *Allen Weir*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was brought upon a promissory note for $250, executed by the defendant to plaintiff, From a verdict and judgment for defendant the plaintiff has appealed.

The first error complained of is the denial of a motion for judgment on the pleadings; but as the answer alleged a failure of consideration, and further that the defendant's signature to the note was obtained by fraud, this motion was properly denied.

It is next contended that the court erred in admitting evidence of fraud, but the record shows that the plaintiff's objection to this testimony was sustained.

Another contention is that there was no evidence to support the verdict. It appeared that the defendant had executed to the plaintiff his bond in the sum of $1,000, conditioned in substance that if the plaintiff should, on or before September, 1890, complete and operate a line of railroad for a distance of twenty miles southerly from a point in the city of Port Townsend, one-fourth of said sum should then become due and payable; and that the remainder of it should become due and payable upon the completion of such railroad to a point connecting Port Townsend with a transcontinental railroad; and it was admitted by a stipulation that the note was executed pursuant to the stipulations of such bond. It was admitted also that the first twenty miles of road had been completed, and the conditions of the bond in that respect complied with. But the issue was as to whether, as claimed by the plaintiff, the note had been given for the first installment provided for by the bond, or whether, as claimed by the defendant, it was given to represent a portion of the second installment. This question was submitted to the jury under proper instructions by the

court, and the jury having rendered a verdict for the defendant must be presumed to have found that it was given as a part of the second installment. As to this, it was conceded that the terms of the bond had not been complied with by the plaintiff and that the consideration had wholly failed. We think this was competent proof to sustain the verdict rendered.

It is lastly complained that the court erred in denying a motion for a new trial, but we find nothing in the proofs submitted which would warrant us in holding that the discretion of the court was abused in this particular, and the judgment is affirmed.

HOYT, C. J., and ANDERS, GORDON and DUNBAR, JJ., concur.